IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERI SYPHRETT, | |
| Plaintiff, | Civil Action No. |
| vs. | **COMPLAINT** |
| CREDIT CONTROL, LLC, | **Jury Trial Demanded** |
| Defendant. | |

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Cheri Syphrett ("Plaintiff"), is a natural person.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Credit Control, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.  Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff an initial written communication dated February 10, 2014, attached as Exhibit A.

12. Defendant's letter offered three options for Plaintiff to resolve the $1,579.82 balance: (1) "Pay 40% of the balance in 1 payment of $631.93," (2) "Pay 50% of the balance in 6 consecutive monthly payments of $131.65," or (3) "Pay the entire balance in 12 consecutive monthly payments of $131.65." Exhibit A.

13. Further, if Plaintiff were to choose one of the first two options, Defendant stated: "Your account will be considered **settled** in full." Exhibit A (emphasis in original).

14. Defendant's letter did not disclose that it or the current creditor would be required by the IRS to report the forgiven $947.89 (if Plaintiff chose option 1) or $789.92 (if Plaintiff chose option 2) as Plaintiff's income, and issue a form 1099-C.

15. Therefore, Defendant's offer that Plaintiff's payment obligations would be "settled in full" is misleading, where Plaintiff would also have to pay an additional amount due to the proposed settlement.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

18. Plaintiff repeats and re-alleges each and every factual allegation above.

19. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 16, 2015.

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
LaCroix Law Firm, LLC
Bar No.60793
4235 Baltimore Ave.
Kansas City MO 64111
(816) 399-4380
tony@lacroixlawkc.com
*Lead Counsel for Plaintiff*

*Co-counsel with Thompson Consumer Law Group*

**Correspondence Address:**

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206